United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-00042

_____


JAMES E. BILLIOT,

                                        Plaintiff - Petitioner,

                          versus

CHRISTOPHER B. EPPS, COMMISSIONER,
MISSISSIPPI DEPARTMENT OF CORRECTIONS,

                                        Defendant - Respondent.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(No. 86-CV-0549)
---------------------


Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     James Billiot, who was found guilty of murder and sentenced to death, is currently before this court seeking permission under 28 U.S.C. § 1292(b) to appeal the district court's denial of his federal habeas claims challenging his sentence. The district court certified those issues for interlocutory appeal, under § 1292(b), and retained jurisdiction over Billiot's claim under <u>Ford v. Wainwright</u>, 477 U.S. 399 (1986), that he is insane and incompetent to be executed.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We ordered the parties to submit supplemental briefing on jurisdictional matters, addressing: (1) whether this court has jurisdiction under 28 U.S.C. § 2253(a) to review claims denied by the district court in a non-final order certified by that court under 28 U.S.C. § 1292(b); (2) whether the district court's order denying habeas relief on fewer than all of Billiot's claims may and should be construed as a final order under Fed. R. Civ. P. 54(b); and (3) whether a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) is required for this court to review the merits of Billiot's claims certified by the district court for interlocutory appeal under § 1292(b).

The State contends in its supplemental brief that (1) the district court's order is not an appealable final judgment and cannot be construed as a final judgment under Rule 54(b) because the district court did not expressly determine that there is no just reason for delay; and (2) a COA is required. Billiot contends that we should construe the district court's § 1292(b) certification as a final judgment under Rule 54(b) and also as a grant of a COA for each of the certified issues.

Having reviewed the parties' submissions and the applicable law, we DENY Billiot's petition for permission to appeal. The parties cited no authority for construing 28 U.S.C. § 2253(a) (authorizing appeals from "final" orders in habeas corpus proceedings) to permit an appeal from an interlocutory order certified under 28 U.S.C. § 1292(b). Under the circumstances of

2

this case, we decline to decide whether the district court's § 1292(b) certification order can, or should be, construed as a final judgment under Fed. R. Civ. P. 54(b), or as a certificate of appealability under 28 U.S.C. § 2253(c). The district court denied relief on all of Billiot's claims except his Ford claim that he is presently incompetent to be executed. Because an execution date has not been scheduled and Billiot's execution is not imminent, his Ford claim is premature. Although the Ford claim had to be raised in Billiot's first federal habeas petition so that it will not be barred as successive once the claim becomes ripe, under our precedent such claims are subject to dismissal without prejudice. See Patterson v. Dretke, 370 F.3d 480 (5th Cir. 2004) (addressing ripe Ford claim raised in subsequent habeas action after claim was dismissed without prejudice in prior habeas proceeding); Patterson v. Cockrell, No. 01-40447 (5th Cir. May 23, 2003) (unpublished) (dismissing without prejudice Ford claim where execution was not imminent); Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998) (Ford claim raised for second time in subsequent federal habeas petition, when it is ripe because the execution is imminent, is not "second or successive" within the meaning of 28 U.S.C. § 2244 when claim raised in first federal habeas petition was dismissed without prejudice as unripe). In the light of the fact that the unripe Ford claim is the only obstacle to a final judgment as to all of the claims in this case, it is neither necessary nor

prudent for us to address the difficult jurisdictional issues presented in this case.

PETITION FOR PERMISSION TO APPEAL DENIED.[1]

---

[1] Now that we have denied the petition for permission to appeal, the district court is free to dismiss without prejudice the <u>Ford</u> claim, and to enter final judgment in this case. At such time, an appeal to this court will be available to any aggrieved party, provided that the requirements of 28 U.S.C. § 2253(c) are satisfied.